15 B.R. 573 (1981)
In the Matter of Dexter Dwayne MOBLEY, Debtor.
George W. LEDFORD, Trustee, Plaintiff,
v.
FORT HAMILTON HUGHES MEMORIAL HOSPITAL CENTER, Defendant.
Bankruptcy No. 3-80-00684, Adv. No. 3-81-0145.
United States Bankruptcy Court, S.D. Ohio, W.D.
November 27, 1981.
*574 John D. Poley, Englewood, Ohio, for plaintiff.
Ronald R. Craft, Hamilton, Ohio, for defendant.

DECISION

MOTION BY DEFENDANT FOR SUMMARY JUDGMENT SUSTAINED
ELLIS W. KERR, Bankruptcy Judge.

FACTS
The Trustee filed a Complaint alleging that the Debtor, Dexter Mobley, paid to the Defendant, Fort Hamilton Hughes Memorial Hospital Center, the sum of $300.00 and that such payment constituted a voidable preference under 11 U.S.C. § 547.
The Defendant asserts in its Answer that the $300.00 payment was made in advance of the services rendered and that, therefore, the payment was not for or on account of an antecedent debt owed by the Debtor before such transfer was made as required by 11 U.S.C. § 547.
The parties filed the following stipulation of facts with the Court:
"1. On February 29, 1980, Defendant Fort Hamilton Hughes Memorial Hospital Center, rendered medical services to Dexter Dwayne Mobley's wife and child for which Dexter Dwayne Mobley incurred an obligation to said Defendant in the amount of $1342.65.
2. On January 24, 1980, Dexter Dwayne Mobley paid $300.00 to Fort Hamilton Hughes Memorial Hospital Center which was applied to the baby's account for the above stated services."
The Debtor filed his Petition in Bankruptcy on March 19, 1980.
Both parties have filed Motions for Summary Judgment.

CONCLUSIONS OF LAW
§ 547(b) of the Bankruptcy Code reads as follows:
"Except as provided in subsection (c) of this section, the Trustee may avoid any transfer of property of the Debtor 
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the Debtor before such transfer was made;
(3) made while the Debtor was insolvent;
(4) made 
(A) on or within 90 days before the date of the filing of the Petition; or
(B) between 90 days and one year before the date of the filing of the Petition, if such creditor, at the time of such transfer 

*575 (i) was an insider; and
(ii) had reasonable cause to believe the Debtor was insolvent at the time of such transfer; and
(5) that enables such creditor to receive more than such creditor would receive if 
(A) the case were a case under Chapter 7 of this title;
(B) the transfer had not been made and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title."
All five requirements of this section must be met in order for the Court to find a voidable transfer. The dispute in the instant case is whether or not the second requirement regarding an antecedent debt has been fulfilled.
Defendant maintains that the transfer of $300.00 was not made on account of a debt that existed prior to January 24, 1980 (the date of transfer) and therefore a voidable preference does not exist.
The Trustee in his memorandum argues that the $300.00 was transferred within 90 days of the filing, March 19, 1980 of the bankruptcy filing and that "therefore, it was a voidable preference." This argument obviously overlooks the remaining four elements of a voidable preference.
The Trustee also states that "Since it is obvious that until medical services were rendered, Debtor owed no money to the Defendant because there was no consideration; therefore, a preferential transfer within 90 days of Bankruptcy exists. 11 U.S.C. § 547. Therefore, the debt was incurred on or about February 29, 1981, and the debt was paid by the $300.00; therefore, a preferential transfer within ninety days of the application for bankruptcy occurred."
The Trustee's conclusion does not seem to be logically consistent with his premise. In fact the opposite result is dictated. If the Debtor owed no money to the Defendant on January 24, 1980, it is clear that no antecedent debt existed on that date.
Implicit in the Trustee's view is the position that services rendered followed by payment is legally equivalent to payment followed by services rendered. However, the Trustee offers no legal authority nor any rationale for such a proposition. Nor does he indicate why the Court should not follow a literal reading of the statute in regard to an antecedent debt.
Simply put, we find that the requirement of an antecedent debt has not been satisfied and that therefore no voidable preference exists.
Even if the Trustee is correct in his view that the elements of a preference exist, the transaction falls within an exception to the Trustee's avoiding powers, namely 11 U.S.C. § 547(c)(1). This exception does not permit a Trustee to avoid a transfer that was intended by the parties to be a contemporaneous exchange for new value and was in fact substantially contemporaneous. Under the facts of the instant case the Court would find the exchange to be "substantially contemporaneous" and therefore within the exception.
THEREFORE, judgment will be for the Defendant by a separate document as required by Rule 921(a), Rules of Bankruptcy Procedure.