In the Matter of John J. DELANEY and Donna M. Delaney, Debtors.

T.A. TENOR, Trustee, Plaintiff,

v.

FINANCE CONSUMER DISCOUNT COMPANY, Three Rivers Bank and Trust Company and Liberty Bell Savings and Loan, Defendants.

Bankruptcy No. 84–1325.
Adv. No. 84–387.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 21, 1986.

Theodore A. Tenor, trustee.

David P. Braun, Campbell & Levine, P.C., Pittsburgh, Pa., for John J. Delaney and Donna M. Delaney, debtors.

Martha A. Zeigler, Edward J. Krug, P.C., Pittsburgh, Pa., for Finance Consumer Discount Co. (FinanceAmerica), defendants.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

The matter before the Court is the Trustee's Complaint To Avoid A Preferential Transfer Under Section 547 of the Bankruptcy Code. This Adversary proceeding was originally commenced against the above-captioned three defendants. However, by stipulation approved by this Court, the actions against Three Rivers Bank and Trust Company and Liberty Bell Savings and Loan have been dismissed and the only issue remaining to be determined relates to FinanceAmerica Consumer Discount Company (hereinafter "FinanceAmerica").

The facts relating to this transaction are undisputed. On or about March 29, 1984, within ninety days of the filing of the petition in bankruptcy on June 22, 1984, the Debtors borrowed twenty-eight thousand three hundred eight dollars and ninety-nine cents from FinanceAmerica. As security for this loan, the Debtors executed a mortgage on their real property located in Beaver County, Pennsylvania. At the time of the closing of this loan transaction, the Debtors were indebted to the three defendants in this case and, at closing, the Debtors authorized distribution to defendants, including distribution to FinanceAmerica in the amount of four thousand six hundred eighty-three dollars and sixty-one cents. Thereafter, all debts were marked "satisfied" and, in their place, a second mortgage was recorded in favor of FinanceAmerica in the total amount borrowed.

The parties acknowledge that the elements relating to a preferential transfer exist. However, FinanceAmerica argues that new consideration was given for the transaction, and therefore, the transfer is not avoidable as preferential. This Court determines that the transfer was in fact preferential and orders FinanceAmerica to pay to the Trustee the sum of four thousand six hundred eighty-three dollars and sixty-one cents.

In support of its position, FinanceAmerica relies on *Matter of Mobley*, 5 C.B.C.2d. 750, 15 B.R. 573 (Bankr., S.D.Ohio, 1981). However, the facts of *Mobley* are inapposite to the instant case. *In Mobley* the Court found that an antecedent debt did not exist when a hospital received payment before services were rendered. In the case

at bar, FinanceAmerica received payment on a pre-existing debt without giving new value to Debtor. In fact, FinanceAmerica was the only party to have benefited from the transaction, as it exchanged its unsecured status for a secured position.

The definition of "new value" in section 547 of the Bankruptcy Code specifically excludes "an obligation substituted for an existing obligation." 11 U.S.C. § 547(a)(2). Accordingly, the transaction constituted a preferential transfer.

An appropriate Order will be entered.